IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CAESAR M. BURRIS, B80496,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-01023-SMY-PMF |
| | ) | |
| **JOHN DOE,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATIONS

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Caesar Burris's motion for leave to file an amended complaint (Doc. 23). Burris originally filed suit on September 23, 2014 (Doc. 1). On October 28, 2014 Judge Yandle conducted a merits review of Burris's complaint pursuant to 28 U.S.C. § 1915A. Judge Yandle held that Burris articulated the following colorable claims:

**Count 1:** Fourth amendment excessive force claim against defendant John Doe #2 for pushing plaintiff through a glass window and against John Doe #3 for kicking plaintiff in the head while he was handcuffed.

**Count 2:** Fourteenth amendment equal protection claim against John Does #1, #2 and #3 for singling the plaintiff out for mistreatment because of Burris's race.

**Count 3:** Inadequate medical care claim against John Does #1, #2, #3 and #4.

Burris seeks leave to file an amended complaint that will identify John Doe defendants and add one new defendant. Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend shall be freely given when justice so requires. Finding that justice so requires, it is RECOMMENDED that the plaintiff's motion for leave to file an amended complaint be granted. The Court will now proceed to screen the complaint. *See* 28 U.S.C. § 1915A.

The facts of this case stem from an arrest that occurred on January 29, 2013. Early that morning the plaintiff and "associate" Darrell Tomlin were trespassing in an abandoned house in Cahokia, Illinois. At approximately 2:00 AM, Burris and Tomlin were smoking a cigarette in the back room of the property when several police officers arrived. Officer David Heine of the Cahokia police department approached Burris and Tomlin. Officer Heine yelled to the two "get down and don't move n**gers" and proceeded to arrest Tomlin.

As Tomlin was being arrested Officer Joel Seipp and Officer Dane Luke yelled at Burris to get the "f*ck down." Officer Seipp then pushed Burris through the back window of the house. As Burris went through the window he cut his leg on the glass. Burris fell to the ground and he was handcuffed by Officer Roger Gemoules. While on the ground Burris yelled out that he had been injured.

Officer Corbin approached Burris and stated "I hate you cotton picking a** n**gers." Officer Corbin then used his knee to strike Burris twice in the back. Officer Corbin also kicked Burris in the left side of his face. After the assault, Officer Gemoules dragged Burris to the patrol car and Burris was driven to the Cahokia police station. Burris continued to complain that his leg was injured. Upon arriving at the Cahokia police station Burris was booked into custody by Officer Heines. Despite his complaints of pain, Burris did not receive adequate medical treatment for his leg. After approximately two days at the Cahokia police station Burris was transported to the St. Clair County Jail. Shortly after arriving at the St. Clair County Jail, Burris was transported to St. Elizabeth's Hospital in Belleville, Illinois so that his leg could be treated.

Burris now files his first amended complaint. In the amended complaint the John Doe defendants have now been identified. However, Count 2 of the plaintiff's initial complaint was a claim against John Does #1, #2 and #3. In the first amended complaint, Count 2 is now only

against Officer Seipp and Officer Corbin. The only other change is that Officer Dane Luke has now been added to Count 3. Burris alleges that Officer Luke was present at his arrest and ignored his requests for medical treatment. Burris therefor states a colorable inadequate medical care claim against Officer Luke under the Fourth or Fourteenth Amendment. Officer Luke shall therefore be included in Count 3. Burris's claims shall now be as follows:

> **Count 1:** Fourth amendment excessive force claim against defendant Officer Joel Seipp for pushing plaintiff through a glass window and against Officer Corbin for kicking plaintiff in the head while he was handcuffed.
> **Count 2:** Fourteenth amendment equal protection claim against defendant Officer Joel Seipp and Officer Corbin for singling the plaintiff out for mistreatment because of Burris's race.
> **Count 3:** Inadequate medical care claim against Defendants Officer Heines, Officer Dane Luke, Officer Seipp, Officer Gemoules and Officer Corbin under the Fourth or Fourteenth Amendment.

Pursuant to Judge Yandle's merits review order (Doc. 6), the Cahokia Police Department's Chief of Police should be dismissed.

## RECOMMENDATIONS

It is RECOMMENDED that the John Doe defendants be replaced with the above named defendants. It is also RECOMMENDED that Officer Dane Luke be added to Count 3 and the Cahokia Police Department's Chief of Police be dismissed from this case. The named defendants should then be provided with the necessary documentation in accordance with Doc. 6, p. 9.

SO RECOMMENDED.

DATED:   August 5, 2015 .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**