United States District Court
for the
Southern District of Illinois

Ceasar M. Burris Jr.

　　Plaintiff

VS.

Officer David Heins #83, Officer Dane Luke #107, Officer Joel Seipp #110, Officer Roger Gemoules #127 and Officer Corbin

　　Defendants

Case Number: 14-CV-1023

## First Amended Complaint

For his First Amended Complaint, plaintiff Ceasar M. Burris Jr. states as follows:

### Parties

1. Plaintiff, Ceasar M. Burris Jr. is a resident of the State of Illinois and a citizen of the United States.

3# of 17#

2. Defendant Officer David Heine, Star No. 83 was at all times relevant hereto employed by the Cahokia Police Department and was acting under color of state law as an employee, agent, or representative of the Cahokia Police Department. This defendant is being sued in his individual capacity.

3. Defendant Officer Dane Luke, Star No. 107 was at all times relevant hereto employed by the Cahokia Police Department and was acting under color of state law as an employee, agent, or representative of the Cahokia Police Department. This defendant is being sued in his individual capacity.

4. Defendant Officer Joel Seipp, Star No. 110 was at all times relevant hereto employed by the Cahokia Police Department and was acting under color of state law as an employee, agent, or representative of the Cahokia Police Department. This defendant is being sued in his individual capacity.

5. Defendant Officer Roger Gemoules, Star No. 127 was at all times relevant hereto employed by the Cahokia Police Department and was acting under color of state law as an employee, agent, or representative of the Cahokia Police Department. This defendant is being sued in his individual capacity.

6. Defendant Officer Corbin, was at all times relevant hereto employed by the Dupo Police Department and was acting under color of state law as an employee, agent, or representative of the Dupo Police Department.

This defendant is being sued in his individual capacity.

## Jurisdiction And Venue

7. This action arises under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. §1983. This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343 and 1367.

8. Venue in this district is proper pursuant to 28 U.S.C. §1391 as the acts complained of occurred in the Southern District of Illinois.

## Facts Giving Rise To This Complaint

9. On January 29, 2013 around 2:00am on 39 Delores, Cahckia State of Illinois.

10. On the same date plaintiff Ceasar Burris and a associate Darrell J. Tomlin were trespassing in/on 39 Delores a abandon property to get out of the rain.

11. A short time later Cahckia Police officers shows up to the abandon property.

12. At this time plaintiff Ceasar Burris and associate Darrell Tomlin are inside the back room of the abandon property smoking a cigarette.

13. When we get approached by defendant David Heine screaming get down and don't move niggers.

14. We immediately threw our hands up and turn around, defendant David Heins arrested my associate Darrell Tomlin.

15. While defendant Joel Seipp started screaming saying nigger didn't I just tell you to get the "fuck down", follow by Dane Luke.

16. And defendant Joel Seipp pushed me threw the rear window of the house, when plaintiff Ceasar Burris exited the window plaintiff was push threw.

17. Plaintiff Ceasar Burris was immediately apprehended by defendant Roger Gemoules who placed plaintiff in cuffs.

18. While plaintiff Ceasar Burris was lying on his stomach plaintiff was hollering and screaming because plaintiff leg had glass inside it plaintiff leg, something has happen to plaintiff leg.

19. I the plaintiff hear defendant Corbin saying as he was walking to plaintiff Ceasar Burris I hate you cotton picking ass niggers.

20. And the Defendant Corbin Knee's plaintiff Ceasar Burris in the back twice and Kick's plaintiff in the left side of plaintiff face.

21. Plaintiff Ceasar Burris then proceeded to scream did you all hear that, how the hell you all gone let him say that bullshit and treat me like this.

22. Defendant Roger Gemoules then tried to stand plaintiff up. and plaintiff couldn't stand, plaintiff screamed I can't feel my leg, there's something wrong with my leg.

23. Defendant Roger Gemoules drugged plaintiff to the patrol car, plaintiff was put in hollering and screaming about his leg and asking who is that officer that just Kicked and Kneed me.

24. The officer in the passenger seat of defendant Roger Gemoules patrol car states he's a Dupo police assisting us.

25. Plaintiff Ceasar Burris ask for his name and badge number, but the officer in the passenger seat refused to give it to the plaintiff, plaintiff continued to complain and raise hell about his leg all the way to the Cahokia Police Station.

26. Where plaintiff continued to raise hell about his leg, as plaintiff was dragged out of the patrol car into booking of Cahokia Police station.

27. Plaintiff was still raising hell about his leg and how it hurts and that there's no feeling in his foot or leg, plaintiff couldn't walk on it.

28. Plaintiff believe that the lead defendant David Heine is as well as the booking officer in processing plaintiff and associate Darrell Tomlin in Cahokia Police station.

30. Defendant David Heine is acting as booking officer told me plaintiff if I didn't shut my mouth it would be hell to pay and I wouldn't make a call no where.

31. Plaintiff then states his leg is mess up, he needed to go to the hospital, at this time plaintiff had been unhand cuff from behind his back to the bench in the booking office.

32. Plaintiff then observe his injury to upset and break his spirit, plaintiff could literally see in his leg to the skin/bone, with pieces of flesh hanging out the cut.

33. Blood was every where in the plaintiff jeans and shoes, defendant David Heins stated you don't need to go to the hospital, its just an scratch.

34. Defendant David Heine booking officer also stated the same to the paramedics that was call, plaintiff was taken to cell #1 unsanatised and force to sleep on the floor with his injury in pain for 2 days.

35. Plaintiff got to make a call from booking in Cahokia Police station where plaintiff inform his fiance of this matter, which she is a certified L.P.N. and told plaintiff he needed to be taken to the hospital for professional treatment.

36. Plaintiff then told defendant David Heins booking officer that his injury is severe and plaintiff needed professional treatment.

37. Defendant David Heins just sent plaintiff back to the cell.

38. After 2 days plaintiff was transported to St. Clair County Jail, booking by "stated in police documentations" Sgt. Hill "no badge # given".

39. But to plaintiff knowledge thought it was an Cahokia P.D. Detective who transported plaintiff and others detainees to St. Clair county jail.

40. Once plaintiff arrive to St. Clair county jail booking Sgt. Hill states to St. Clair county sheriff Sims plaintiff Burris has an injury to his left lower leg.

41. Plaintiff was then ordered by Sheriff Sims to stand aside 1 of the detainees help plaintiff to lean on the countertop of the booking desk.

42. Plaintiff was then told by Sheriff Sims a nurse will be to check your injury, nurse Paula L.P.N. arrived moments later from her station, put her gloves on then cut plaintiff bandage off.

43. Nurse Paula L.P.N. look for an hot second and took off to the back to her station, sherriff Sims got a call, then stated to plaintiff Cahokia Police Department is going to have to come and get you and take you to the hospital or we're going to let you go.

44. Sheriff Sims stated Cahokia Police Department are bogus for not getting plaintiff some type of professional medical treatment.

45. Sheriff Sims called Cahokia Police Department to inform them of their negligence and news.

46. Cahokia Police Department sent another officer, Detective Plow who plaintiff beleives is the transporting officer who took plaintiff to St.

Elizabeths hospital in Belleville Illinois.

47. Once arriving 2 days later the doctors and nurses immediately start giving plaintiff tech shots, antibiontics shots and taking X-rays.

48. To professionally find out a day later I/plaintiff would've lost his leg do to the infection and that it was all type of foreign bodies in plaintiff leg.

49. That the glass had cut plaintiff skin, bone and nerves straight through the muscle tissue and that the glass had even broken off in plaintiff leg.

50. Doctors and nurses stated we cannot perform any surgery because it has been over 24 hours since the injury occured and the healing process had already began with the glass and other foreign bodies inside plaintiff leg.

51. To do further analysis of plaintiff injury St. Elizabeths hospital calls Barnes Jewish hospital to have plaintiff transported for more observation, analysis and further treatment of plaintiff injury.

52. Plaintiff then learned from Barnes Jewish hospital physicians that the lost of feeling in plaintiff leg and foot would probably not come back and that the pins and needles sensation in plaintiff toes and under plaintiff foot would occur regulary.

53. That plaintiff would be able to apply direct pressure to plaintiff leg or foot, that pain would occur often for certain periods of time and probably more often than other times.

54. Also that plaintiff leg and foot would not be the same nor function properly again.

55. Plaintiff was given medication and told to follow up with

professional care to see if feeling and strength can be restored in plaintiff leg and foot through physical therapy.

56. Plaintiff was transported back to St. Clair County jail by officer Harrett Neff star number #126 where plaintiff received less professional treatment until plaintiff bonded out of the St. Clair County jail.

57. Plaintiff seeked professional care from Memorial Hospital in Belleville Illinois and was told to follow up with an assigned Doctor for personal physical therapy, surgery and professional care.

58. Which plaintiff time out on bond ran out April 3rd, 2014 and plaintiff received poor treatment every since from physicians of Wexford Health Source Inc.

59. At this very moment plaintiff still has glass in his leg causing pinching, pain, pokes along with problems and side affects, I/plaintiff have all medical records from all hospitals.

60. As a direct and proximate cause of one or more of the aforementioned acts of the Officers, Plaintiff suffered a variety of injuries and was denied medical treatment by the officers.

61. The aforementioned acts of the Officers were willful, wanton, malicious, oppressive and done with reckless disregard to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

<u>Count I</u>
<u>42 U.S.C. §1983: Excessive Force</u>
(<u>against the Officers</u>)

62. Plaintiff re-alleges paragraphs 1-61 of this Complaint as if fully stated herein.

63. By pushing Plaintiff threw the rear window, kneeing and kicking plaintiff in the left side of plaintiff face while he lay helplessly and peaceably on the ground, the Officers engaged in conduct that was objectively unreasonable and constituted the use of excessive force.

64. Because Plaintiff was unarmed, posed no threat to the Officers, and was not resisting arrest, the Officers' conduct was not reasonably necessary under the circumstances.

65. The Officers' conduct was done deliberately and maliciously and with the intent to injure Plaintiff.

66. The Officers' conduct violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

66. As a direct and proximate result of the conduct of Defendant Officers' willful, intentional and deliberate actions, Plaintiff suffered injuries, including but not limited to damage to his left leg and foot, humiliation, and mental and emotional pain.

WHEREFORE, Plaintiff prays for entry of judgment against defendants Seipp and Corbin and demands compensatory damages, punitive damages, costs, attorneys' fees and any other relief this Court deems just and appropriate in an amount to be determined at trial.

## Count II

## 42 U.S.C § 1983: Equal Protection Claim (Against the Officers)

67. Plaintiff re-alleges paragraphs 1-61 of this Complaint as if fully stated herein.

68. The Defendents Officers Physical and verbal conduct was a intentional act of Racism and Racial discrimination, That violates the Equal Protection Clause.

69. By the Defendents. Officers knew of the plaintiff's injuries and racial animus, And Fellow officers was the Cause to the Plaintiff's violations Equal Protection Claim.

70. Because Plaintiff was unarmed. did not strike the officers' and was not resisting Arrest the officers' conduct was not Justified.

71. As a direct and proximate result of the conduct of Defendant Officers' willful. intentional and deliberate Actions, Plaintiff suffered injuries, including but not limited to head. his left leg and foot. humiliation. And mental and emotional pain.

Wherefore. Plaintiff prays for Entry of Judgment Against defendants Joel Seipp #110 And Corbin #n/a And demands Compensatory damages And punitive damages in an Amount to be determined At trial.

## Count III
### 42 U.S.C § 1983: Inadequate Medical Care
### (Against the Officers)

72. Plaintiff re-alleges paragraphs 1-61 of this Complaint as is fully stated herein.

73. The Defendants' officers' was intentional act of an unreasonable character in disregard of a risk known, the Plaintiff needing medical attention and denied the Plaintiff medical assistance.

74. The Defendants' officers' knew of the Plaintiff injuries and knew fellow officers' was the cause of the injuries to the Plaintiff and denied him medical assistance / inadequate medical care.

75. The aforementioned acts of Defendants' Officers' Heine, Luke, Seipp, Gemoules, and Corbin were willful, wanton, malicious, and done with reckless and/or disregard for the plaintiff health care and injuries.

Wherefore Plaintiff prays for entry of judgment against the Defendants' Officers' Heins, Luke, Seipp, Gemoules, and Corbin and demands Inadequate Medical Care damages, Costs, Compensatory damages and punitive damages and any other relief this Court deems just and appropriate in an amount to be determined at trial.

13# of 17#

# PRAYER FOR RELIEF

Wherefore, plaintiff respectfully asks this Court to enter Judgement:

Granting plaintiff CEASAR M. BURRIS J.R. A declaration that the acts and omissions described herein violates his rights under the Constitution and laws of United States. And

Granting Plaintiff CEASAR M. BURRIS J.R. compensatory damages in the Amount of $2 million dollars. for physical, mental, and emotional, longterm injury, pain and suffering

Also, granting the plaintiff CEASAR M. BURRIS J.R. punitive damages in the Amount of $50 thousand dollars for each defendant, jointly and severally. Plaintiff CEASAR M. BURRIS J.R. Also seek a jury trial on all issues triable by jury.

Plaintiff CEASAR M. BURRIS J.R. Also seeks recovery of the cost in this suit. And

Any additional relief this Court deems just, proper, and equitable.

Dated: June 12, 2015

Respectfully Submitted
CEASAR M. BURRIS J.R.
#B-80496   V.C.C.
6695 State Rt. 146 East
Vienna, Il 62995

Dated: Respectfully Submitted,

(See note)...

## Note:

Do to the Plaintiffs' time frame and head injuries the Plaintiff endured. And not having the Police Records nor the (M.O.D) motion of discovery for the Plaintiff to make a correct and thorough Complaint. The Plaintiff had no knowlegde of how many Defendants where teully Present Jan. 29th 2013 at 2:00 am during the Arrest. The Plaintiff became Knowlegdable of these facts (03/15) upon receiving Police Records as well as the Motion of Discovery. In which the Plaintiff filed this Civil Complaint (Doc 1#) (09/14) a couple of months before the Plaintiffs' deadline. Here, the Plaintiff makes the Corrections needed Appropriatly for the Courts. The Plaintiff request this Honorable Court to make these changes accordingly - note:

1. Cahokia's Officer David Heine bgd# 83
   A.K.A John Doe 1#
2. Cahokia's Officer Joel Seipp bad# 110
   A.K.A John Doe 2#
3.

note: Cont.

3. Cahokia's officer Dane Luke bad #107
   A.K.A John Doe 3#

4. Cahokia's officer Roger Gemoules bad #127
   A.K.A John Doe 4#

And

5. Dupo's officer Corbin bad# n/A
   A.K.A John Doe 5#