## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CEASAR M. BURRIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 14-CV-1023-SMY-PMF |
| | ) |
| OFFICER DAVID HEINE, et al., | ) |
| | ) |
| Defendants. | ) |

## **DEFENDANTS' MOTION TO DISMISS UNDER RULE 41(b)**

Defendants, David Heine, Dane Luke, Joel Seipp and Roger Gemoules, by their attorneys, O'Halloran Kosoff Geitner & Cook, LLC, move this court to dismiss this case for want of prosecution and for failure to comply with court orders and local rules under Rule 41(b) of the Federal Rules of Civil Procedure, and in support thereof state as follows:

1. On September 23, 2014, Plaintiff filed his *pro se* complaint alleging violations of his constitutional rights under 42 U.S.C § 1983 and naming several John Doe Defendants, including officers at the Cahokia and Dupo Police Departments. (Doc. 1.)  Plaintiff later amended his complaint to name Defendant Officers David Heine, Dane Luke, Joel Seipp and Roger Gemoules from the Cahokia Police Department (hereinafter collectively referred to as the "Cahokia Defendants") and Defendant Officer Corbin of the Dupo Police Department. (Doc. 32.)

2. When Plaintiff filed his *pro se* complaint, he was incarcerated at the Menard Correctional Center in Menard, Illinois. (Doc. 1, p. 7.)  Plaintiff was later transferred to the Vienna Correctional Center in Vienna, IL. (Doc. 11, p. 2.)  Plaintiff provided a mailing address of 6695 State Route #146 East, Vienna, IL 62995 (Vienna Correctional Center).

3. On October 28, 2014, the court entered a merit review order under 28 U.S.C. § 1915A. The court found that Plaintiff had articulated a colorable claim under the Fourth Amendment with regard to Plaintiff's allegations of excessive force, a colorable claim under the Fourteenth Amendment with regard to Plaintiff's allegations of equal protection violations and colorable claims of inadequate medical care. (Doc. 6.)

4. In its merit review order of October 28, 2014, a copy of which was mailed to Plaintiff, the court specifically noted that Plaintiff is "under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts." Further, the court warned Plaintiff that his "[f]ailure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution." (Doc. 6.)

5. Counsel for the Cahokia Defendants filed their first appearances on November 11, 2014. (Doc. 8 – 9.)

6. The Cahokia Defendants filed their Answer and Affirmative Defenses on December 29, 2014. (Doc. 14.)

7. On January 30, 2015, the court issued a scheduling order, a copy of which was mailed to Plaintiff, which required him to "advise the Clerk of Court and opposing counsel of any change in his mailing address within 7 days of the address change. Failure to do so will result in dismissal of this case with prejudice." (Doc. 16, p. 6.)

8. On April 29, 2015, Plaintiff filed a Motion to Amend his Complaint. (Doc. 19 - 20.) The Motion was denied as Plaintiff did not properly follow the procedures described in the court's merit review order. (Doc. 21.)  Thereafter, Plaintiff properly filed a Motion for Leave to File His Amended Complaint on June 17, 2015.  (Doc. 23.)

9. On May 20, 2015, Defendants sent their First Set of Interrogatories and Requests for Production of Documents to Plaintiff. Plaintiff's responses were due on June 19, 2015. *See* (Defendants' Motion to Compel) (Doc. 30, Ex. 1.)

10. On June 22, 2015, Plaintiff answered Defendants' Interrogatories. *See* (Defendants' Motion to Compel) (Doc. 30, Ex. 2.) However, Plaintiff to date, has not responded to Defendants' Requests for Production.

11. On September 17, 2015, Plaintiff filed a Notice of Change of Address, stating his address was 1640 McCasland, East Saint Louis IL, 62205. (Doc. 27.) Plaintiff did not provide a telephone number at this time.

12. Thereafter, Defendants sent two letters to Plaintiff, informing him that his responses to their Requests for Production were long overdue. *See* (Defendants' Motion to Compel) (Doc. 30, ¶¶ 2 - 4.) Defendants sent all correspondence to Plaintiff's updated address of record. Plaintiff has not provided a telephone number to Defendant, nor has he attempted to call or contact Defendant to discuss these issues.

13. On November 24, 2015, Defendants filed a Motion to Compel Plaintiff to Answer Written Discovery. (Doc. 30.) Plaintiff has not filed a response to Defendants' motion.

14. On December 3, 2015, the court granted Plaintiff leave to file his Amended Complaint. (Docs. 31 – 32.) However, the court's December 3, 2015 Order was returned as undeliverable. (Doc. 33.)

15. On December 21, 2015, the court granted Defendant's Motion to Compel and ordered the Plaintiff to respond by January 4, 2016. (Doc. 34.) Plaintiff has not responded to the Order. The court's December 21, 2015 Order was returned as undeliverable. (Doc. 35.)

16. On December 21, 2015, the legal assistant for Defendants' counsel contacted Another Chance Ministries, which appears to be a halfway house, located at Plaintiff's address of record, in order to inquire on the status of the outstanding discovery. (Affidavit of Georgia Karabatsos, attached hereto as "Exhibit A.") She was informed that the Plaintiff was no longer living at the facility. (Ex. A.) The date of Plaintiff's departure from the facility is unknown.

17. On December 21, 2015, the legal assistant to Defendants' counsel contacted the Illinois Parole Center in further attempt to gather information regarding Plaintiff's most recent mailing address and/or telephone number. (Ex. A.) She was informed that the Illinois Parole Center cannot give out such information. (Ex. A) Further, she was told that Plaintiff's parole agent would contact counsel for Defendants directly. (Ex. A.) But neither Plaintiff nor his parole agent have contacted counsel for Defendants to date.

18. Plaintiff failed to subsequently provide a forwarding address or telephone number to the court or the Defendants upon his departure from his most recent address of record. (See Dkt. Rpt.)

19. Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an action or any claim if the plaintiff fails to prosecute or to comply with a court order. The court's local rules states that "[a]ll petitioners and plaintiffs are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her location. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs." (emphasis in original). *See* SDIL-LR 3.1(b). In addition, the court explicitly directed Plaintiff in both its merit review order (Doc. 6) and subsequent scheduling order (Doc. 16) to notify the clerk of the court of any change of address upon his release from prison. Moreover, the court ordered Plaintiff to respond to Defendants' discovery requests in its December 21, 2015

Order. (Doc. 34.)

20. It is reasonable to infer from Plaintiff's inaction since his release from Another Chance Ministries, that he has lost interest in and failed to prosecute his case. He has not contacted or corresponded with Defendants' attorneys since September 17, 2015. He has not responded to Defendants Requests for Production of Documents, nor has he responded to the court's Order compelling him to do so. Plaintiff's last correspondence with the court was also on September 17, 2015. (Doc. 27.)

21. Plaintiff's failure to prosecute his case has hindered Defendants' efforts to complete written and oral discovery by the May 1, 2016 deadline, as they need to complete written discovery before taking Plaintiff's deposition; and in any event, cannot schedule his deposition when he is unreachable or unresponsive.

22. Plaintiff has also failed to comply with the court's local rules and orders with regard to notifying the court of a change in address and providing the court with a telephone number. Since September 18, 2015, Plaintiff has failed to update his address and telephone number with the clerk of the court, even though it is clear that his address and telephone number have changed.

23. In sum, Plaintiff has neither prosecuted his case nor complied with the court's local rule and order requiring Plaintiff to update his address and telephone number of record.

24. Plaintiff has also ignored the court's December 21, 2015 Order, compelling him to respond to Defendants' discovery requests by January 4, 2016. (Doc. 34.)

25. As such, the court should dismiss Plaintiff's case with prejudice for failure to prosecute his case, failure to respond to the court's December 21, 2015 Order (Doc. 34) and failure to comply with the court's local rule 3.1(b) and the court's orders of October 28, 2014 (Doc. 6)

and January 30, 2015 (Doc. 16.)

26.     Defendants will attempt to serve Plaintiff with this motion by mailing a copy to his address of record.

For the foregoing reasons, Defendants David Heine, Dane Luke, Joel Seipp and Roger Gemoules request this court to dismiss this case with prejudice under Rule 41(b), and for further relief this court deems necessary.

                                                Respectfully submitted,

**DAVID HEINE, DANE LUKE, JOEL SEIPP and ROGER GEMOULES**

By:  *s/Daniel T. Corbett*
       Daniel T. Corbett, #6312582
       O'Halloran Kosoff Geitner & Cook, LLC
       650 Dundee Road, Suite 475
       Northbrook, Illinois 60062
       Telephone: (847) 291-0200
       Fax: (847) 291-9230
       dcorbett@okgc.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CEASAR M. BURRIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 14-CV-1023-SMY-PMF |
| | ) |
| OFFICER DAVID HEINE, et al., | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2016, I electronically filed ***Defendants' Motion to Dismiss for Want of Prosecution*** with the Clerk of Court using the CM/ECF system, and I will send notification of such filing to the following non-registered CM/ECF participant(s):

Ceasar Burris, Jr.
1640 McCasland
East St. Louis, IL 62205

via U.S. Mail by placing true and correct copies thereof in a sealed envelope, proper postage prepaid and affixed thereon and placing same in the U.S. Mail receptacle located at 650 Dundee Road, Northbrook, Illinois, at or before the hour of 5:00 p.m. on January 7, 2016.

By: *s/Daniel T. Corbett*
Daniel T. Corbett, #6312582
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Fax: 847/291-9230
Email: dcorbett@okgc.com