IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CAESAR M. BURRIS, JR.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    Case No. 3:14-cv-01023-SMY-PMF |
| | ) |
| **JOHN DOE, 1,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

**Yandle, District Judge:**

Before the Court is the Motion to Dismiss for Lack of Prosecution filed by Defendants Gemoules, Heine, Luke and Seipp. (Doc. 39). Plaintiff Caesar Burris initiated this lawsuit on September 23, 2014 while he was an inmate at Menard Correctional Center (Doc. 1). He was released from prison one year later (Doc. 27). Since filing his notice of change of address, Plaintiff has not communicated with defense counsel or filed any documents with the Court. Defense counsel's attempts at reaching Burris have been unsuccessful. On January 7, 2016, Defendants filed the motion to dismiss. Burris did not respond to the motion. Also, on January 11, 2016, the Court issued an Order to Show Cause (Doc. 41) as to why this case should not be dismissed for Plaintiff's failure to update his address with the Court and lack of prosecution. Burris again failed to respond.

Prior to dismissing a case for lack of prosecution, a court must generally provide an explicit warning to the non-complying party. See *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 562 (7th Cir. 2011)("we have required courts to warn a plaintiff that she is on thin ice before the case is thrown out"). Additionally, a court must consider less severe sanctions before deciding to dismiss. *Johnson v.*

*Chicago Bd. of Educ.*, 718 F.3d 731, 733 (7th Cir. 2013). "[A] district court that dismisses a suit immediately after the first problem, without exploring other options or saying why they would not be fruitful, commits a legal error." *Id*.

In the present case, the Court has been patient with Burris. Burris declined to respond to the Defendant's motion to dismiss. The Court then warned Burris in the Order to Show Cause that this case may be dismissed for lack of prosecution. Burris again failed to respond. It appears that Burris is not interested in litigating this lawsuit now that he is no longer incarcerated. Because Burris has abandoned his case, other less severe sanctions would have little or no effect. Accordingly, Defendants' motion (Doc. 39) is **GRANTED** and this case is **DISMISSED** for lack of prosecution.

    **SO ORDERED.**

    **DATED: February 26, 2016.**

    *s/ Staci M. Yandle*
    **STACI M. YANDLE**
    **DISTRICT JUDGE**